**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUL 18 2012
AT 8:30_____
WILLIAM T. WALSH
CLERK

ELIJAH D. FORD,

   Plaintiff,

v.

TIMOTHY VAN HISE, et al.,

   Defendants.

Civil No. 11-7559 (PGS)

**OPINION**

**APPEARANCES:**

  ELIJAH D. FORD, #90165, Plaintiff Pro Se
  Somerset County Jail
  P.O. Box 3000
  Somerville, NJ 08876

**SHERIDAN, District Judge:**

  Plaintiff, Elijah D. Ford, a prisoner incarcerated at Somerset County Jail, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, asserting violation of his rights under 42 U.S.C. §1983, against several Somerset County prosecutors and Bound Brook Police Officer Peter Romanyszyn. This Court will grant Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(b). Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint for failure to state a claim upon which relief may be granted and decline to exercise supplemental jurisdiction.

## I. BACKGROUND

Elijah D. Ford brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against Bound Brook police officer Peter Romanyszyn, Detective Shea of the Somerset County Prosecutor's Office, and several Somerset County Prosecutors. He asserts that on March 19, 2011, two people were shot in the vicinity of the Bound Brook train station in Bound Brook, New Jersey. He alleges that one person died and the other was taken to Robert Wood Johnson University Hospital in New Brunswick. The statement of facts in the Complaint consists of the following:

> On May 11, 2011, in Grand Jury room, 40 North Bridge Street 4th floor, Somerville, N.J. 08876, Mr. Timothy Van Hise along with witness Mr. Officer Peter Romanyszyn, knowingly and purposely committed perjury under oath, to hide vital information, of the true nature of my case matter. Mr. Damian Williams, the deceased was a confidential informant for Bergen County Prosecutor's Office, ever since 2009. The police either through their informant Mr. Damian Williams or acting through a conspiracy with the informant, engaged in illegal activities such as unauthorized gang meetings that le[]d to the death of the confidential informant, Mr. Damian Williams on March 19, 2011 at Bound Brook N.J. Train Station, in the area of the westbound of the railroad tracks, as well as illegal wiretapping, death threats by the confidential info4rmant, as well as assaults, extortion, etc., to obtain information in the investigation, for Mr. Damian Williams was the head blood member of that blood set, who caused and created crimes, called and made all blood meetings, Mr. Williams did all those things, as confidential informant for Bergen County Prosecutor's Office, to force an organized gang ring bust.
>
> And this is where the prosecutorial misconduct took place, when Mr. Timothy Van Hise knowingly withheld vital information, on May 11, 2011, in the Grand Jury Room!
>
> Because of this ongoing illegal conspiracy between the deceased and the prosecutors; the prosecutors gained substantial amount of arrest and convictions essential[l]y by entrapment in which they were well aware, that they were "crossing the line" to gain all the arrest!

(Dkt. 1 at 10-11.)

Plaintiff seeks the following relief: "Dismissal of the indictment and a monetary amount of five million dollars!" (Dkt. 1 at 12.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Iqbal, 556 U.S. at 678 (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 677. Rather, the

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

3

facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 678-81. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. Id. at 678 (citations and internal quotation marks omitted); see also Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A. Federal Claims

A court's initial task is to "tak[e] note of the elements [plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983. See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

4

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff seeks damages against prosecutors for withholding evidence from the grand jury in his criminal proceeding and providing false information to the grand jury. In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case," id. at 430-31, including use of misleading or false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. Since Imbler, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application[,but] absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (citations omitted). Because a prosecutor is absolutely immune from damages under § 1983 for presenting or withholding evidence from a grand jury, the damage claims against the prosecutors who obtained an indictment against Plaintiff will be dismissed for failure to state a claim.[2]

---

[2] To the extent that Ford seeks damages from supervisory prosecutors for failing to adequately supervise, the claim fails. "Government officials may not be held liable for the
(continued...)

Plaintiff also seeks damages against the officers who falsely testified before the grand jury. This claim fails because a witness is absolutely immune from suit for testifying falsely. See Rehberg v. Paulk, 132 S.Ct. 1947 (2012) (witness before grand jury, like trial witness, enjoys absolute immunity); Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

To the extent that Plaintiff seeks to assert an unconstitutional malicious prosecution claim, this claim will also be dismissed. A prosecutor is absolutely immune for actions performed in the role of advocate. See Imbler, 424 U.S. at 431. A claim of malicious prosecution against an officer for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding;

---

²(...continued)
unconstitutional conduct of their subordinates under a theory of *respondeat superior* [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. In Iqbal, the Supreme Court rejected the proposition that a supervisory defendant can be liable for "knowledge and acquiescence in their subordinates' [misconduct.]" Id. Moreover, in Van de Kamp, the Supreme Court held that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and failing to create any system for accessing information pertaining to the benefits provided to jailhouse informants. See Van de Kamp, 555 U.S. at 344-45.

(2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006). Although the police officers and officers in the prosecutor's office may have initiated a criminal proceeding against Plaintiff, Plaintiff's allegations do not show that the prosecution terminated in his favor, that the police lacked probable cause to prosecute him, or that they brought the charges maliciously. Under these circumstances, his malicious prosecution claim against the non-immune defendants will be dismissed for failure to state a claim upon which relief may be granted. See Baker v. Wittevrongel, 363 Fed. App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F. 3d 181, 186-87 (3d Cir. 2009) (en banc).

Finally, Plaintiff also seeks injunctive relief in the form of an order dismissing the New Jersey indictment against him. This claim will be dismissed because federal courts are barred from interfering with a state criminal prosecution. See Younger v. Harris, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"); Wallace v. Fegan, 455 Fed. App'x 137, 139 (3d Cir. 2011).

Because the named defendants are immune from suit for damages and Plaintiff's allegations fail to otherwise state a claim under § 1983, this Court will dismiss the federal claims raised in the Complaint. This Court will not grant leave to file an amended complaint because

nothing set forth in the Complaint indicates that Plaintiff could at this time assert facts that would state a cognizable claim under 42 U.S.C. § 1983 with respect to his prosecution.

B.  Supplemental Jurisdiction

To the extent that Plaintiff asserts state tort claims, the Court declines to exercise supplemental jurisdiction over these claims because all federal claims over which the Court has original jurisdiction are being dismissed.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 383 F.2d 1277, 1284-5 (3d Cir. 1993).

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

_____
PETER G. SHERIDAN, U.S.D.J.

Dated: July 9, 2012